## Adah F. Burton v. Sophia Burton Gagnon et al.

1. PRACTICE—*Error to Dismiss Suit Where There is a Declaration on File to Which One Defendant Has Not Pleaded or Demurred.*—It is error to dismiss a suit where a declaration is on file to which there is no plea or demurrer filed by one defendant, and with a demurrer by another in part undisposed of.

**Assumpsit,** on the common counts. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in the Branch Appellate Court at the March term, 1902. Reversed and remanded. Opinion filed April 28, 1903. Rehearing denied May 15, 1903.

**Statement.**—This is an appeal from an order of the Circuit Court dismissing the suit at plaintiffs' costs for alleged "failure to file a proper declaration." Subsequently within the term, the court ordered the word "proper" stricken out of the order of dismissal.

The original declaration contained the common counts and one special count. A demurrer to this declaration, including the common counts, seems to have been sustained. It does not appear that any exception was preserved to this ruling. Appellee amended her declaration adding three additional counts. To these additional counts, Sophia Burton Gagnon, one of the appellees, filed her demurrer, which was sustained. Appellant seems to have amended each count of her declaration by interlineation on its face, and also filed amended additional counts. The same appellee again demurred to the whole declaration as thus amended, and this demurrer seems to have been sustained only as to the amended additional counts. The court at the same time refused appellant's motion for time to file a further amended declaration. Some days thereafter the suit was dismissed at plaintiffs' cost. Appellant has preserved an exception to the order of dismissal and judgment but to none of the other orders entered.

N. A. LOUGH, attorney for appellant.

J. A. FULLENWIDER, attorney for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is urged by appellant's attorney that at the time the order of dismissal was entered, appellee George S. Gagnon was in default, having failed to plead or demur to the amended declaration and the amended additional counts, and that the demurrer of the other appellee, Sophia Burton, to the amended declaration was undisposed of, the court having sustained it to the amended additional counts only. An examination of the record apparently shows the objection to be well taken. No exception is preserved to the order sustaining the demurrer to the common counts, and we can not consider the alleged error in that respect. But to dismiss a suit where a declaration is on file to which there is no plea or demurrer filed by one defendant and with a demurrer by another in part undisposed of, is clearly erroneous.

There were affidavits filed by appellees' attorneys, containing statements which it might be proper to show by evidence at a trial, but which were not entitled to consideration upon demurrer, and have no bearing upon the propriety of the order of dismissal. The judgment of the Circuit Court must be reversed and the cause remanded.